UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CitiMortgage, Inc.,
a New York corporation,

     Plaintiff,                                Case No.

v.                                          Hon.

Chase Home Finance LLC,
a Delaware limited liability company,
Renate Miller, a Michigan resident,
Thaddeus D. Smith, a Michigan resident, and
Mary Ellen Smith, a Michigan resident,

     Defendants.

_____/

> There is no other pending or resolved civil action
> arising out of the transaction or occurrence alleged
> in the Complaint.

## **COMPLAINT**

     CitiMortgage, Inc. ("CitiMortgage"), through counsel, Bush Seyferth & Paige PLLC, for its Complaint against defendants Chase Home Finance LLC, Renate Miller, Thaddeus D. Smith and Mary Ellen Smith states:

### **PARTIES, PROPERTY, JURISDICTION AND VENUE**

1.     Plaintiff CitiMortgage is a New York corporation with its principal place of business located in O'Fallon, Missouri.

2.     Defendant Chase Home Finance LLC ("Chase") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 343 Thornall Street, Edison, New Jersey.

3. Chase is a single-member entity, whose sole member Chase Home Finance, Inc. was organized and exists under the laws of the State of Delaware, with its principal place of business in New Jersey.

4. Defendant Renate Miller is a resident and citizen of Oakland County, Michigan.

5. Defendant Thaddeus D. Smith is a resident and citizen of Oakland County, Michigan.

6. Defendant Mary Ellen Smith is a resident and citizen of Oakland County, Michigan.

7. This complaint involves title to real property (the "Property") commonly known as 3320 Edgewood Park Drive, Commerce Township, Michigan 48382, legally described as:

> Lot(s) 80 and 81, "Edgewood Park Sub-Division", as recorded in Liber 38, Page(s) 36 of Plats, Oakland County Records.

8. CitiMortgage seeks equitable relief pursuant to MCL 600.2932 to quiet title against defendants regarding the Property; therefore, this court has jurisdiction and is the proper venue for the complaint.

## GENERAL ALLEGATIONS

9. On or about March 27, 2003, Mark Miller and Renate Miller executed a Note, loan number 0214596490, in favor of ABN Amro Mortgage Group, Inc. (the "Note", attached as Exhibit A).

10. As security for payment of the Note, Mark Miller and Renate Miller executed a Mortgage in favor of ABN Amro Mortgage Group Inc, secured by the Property, and recorded on or about April 28, 2003, at Liber 28950, Page 615, Oakland County Register of Deeds, with reference to the same loan number 0214596490 thereon. (the "Mortgage", attached as Exhibit B).

11. CitiMortgage, successor by merger to ABN Amro Mortgage Group Inc., now holds the Note and interest in the Mortgage.

12. Subsequent to CitiMortgage's acquisition of the Note and Mortgage, Mark Miller or Renate Miller remitted payments to CitiMortgage on the Note and Mortgage.

### CHASE RECORDS A DISCHARGE OF CITI'S MORTGAGE

13. On or about June 14, 2010, Ms. Leola Gayden executed a Discharge of Mortgage, which purports to discharge the Mortgage as fully paid (the "Discharge", attached as Exhibit C).

14. The Discharge references "Loan No: 131461598".

15. The Discharge states that it was "Prepared by Daniel Blanco, Chase Home Finance LLC."

16. On or about June 21, 2010, on information and belief, Leola Gayden or Daniel Blanco caused the Discharge to be recorded against the Property, at Oakland County Register of Deeds, Liber 42153, Page 170.

17. Daniel Blanco was not employed by CitiMortgage at the time he prepared the Discharge.

18. Leola Gayden was not employed by CitiMortgage at the time she executed the Discharge.

19. On information and belief, at all relevant times, Leola Gayden and Daniel Blanco were employees or agents of Chase acting within the scope of their employment.

20. CitiMortgage did not authorize Chase or any employees of Chase to execute or record the Discharge.

### RENATE MILLER SELLS THE PROPERTY

21. On May 13, 2011, Mark Miller died.

3

22. After Mr. Miller's death, Renate Miller remained obligated on the Note and Mortgage.

23. On or about June 1, 2011, Renate Miller remitted a payment to CitiMortgage on the Note and Mortgage.

24. As of June 2, 2011, the Note and Mortgage had a principal balance of $103,746.34, which remains outstanding.

25. By Deed dated July 1, 2011 (the "Deed", attached as Exhibit D), Renate Miller purportedly transferred the Property to Thaddeus D. Smith and Mary Ellen Smith in exchange for consideration in the amount of Eight Hundred Ninety Nine Thousand Nine Hundred Ninety Nine Dollars ($899,999.00).

26. The Deed purports to transfer title to the Property to Thaddeus D. Smith and Mary Ellen Smith, free and clear of CitiMortgage's interest vested in the Mortgage, and subject only to "Existing building and use restrictions, easements of record, and zoning ordinances, if any."

27. On or about August 9, 2011, Renate Miller caused or permitted the Deed to be recorded against the Property in the Oakland County Register of Deeds at Liber 43272, Page 775.

28. Renate Miller has not paid, satisfied, or discharged the outstanding balance of the Note.

**RENATE MILLER DEFAULTS ON THE NOTE AND MORTGAGE**

29. On July 1, 2011, Renate Miller failed to make the periodic payment that was then due on the Note and Mortgage.

30. Notwithstanding that Renate Miller already had purportedly transferred the Property to Thaddeus D. Smith and Mary Ellen Smith, on July 25, 2011, Renate Miller or

4

someone else acting on behalf of "The family of Mark Miller" notified CitiMortgage that Mark Miller had died and requested "[D]ue to [Mr. Miller's] passing," that "payments for account number 0214596490-0 [sic] be discontinued immediately." (See July 25, 2011 Letter, attached as Exhibit E).

31. On July 26, 2011, CitiMortgage notified Renate Miller that CitiMortgage had removed Mark Miller from the account, leaving the mortgage account "in the name of Renate S. Miller." (See July 26, 2011 Letter, attached as Exhibit F).

32. On August 12, 2011, referencing "Loan # 0214596490," Attorney Steven J. Leboswki, on behalf of Renate S. Miller, "advised" CitiMortgage that "Ms. Miller was never an obligor of the note and therefore does not recognize any liability on this mortgage." Attorney Lebowski requested that if CitiMortgage's "records indicate otherwise," CitiMortgage should "please advise." (See August 12, 2011 Letter, attached as Exhibit G).

33. Attorney Lebowski's statement that "Ms. Miller was never an obligor of the note" was false, as Renate Miller was and is an obligor on both the Note and Mortgage.

34. On August 30, 2011, CitiMortgage advised Renate Miller that she was in default under the Note and Mortgage, with a past-due amount of $4,809.02, and that failure to cure the default by September 30, 2011, could result in acceleration of the loan or foreclosure of the Mortgage. (See August 30, 2011 Letter, attached as Exhibit H).

35. Upon information and belief, sometime between August 30, 2011, and October 6, 2011, Renate Miller contacted CitiMortgage inquiring about assistance with her obligations on the Mortgage.

36. On October 6, 2011, CitiMortgage responded to Renate Miller's inquiry with a letter describing alternative payment arrangements, loan modifications, and foreclosure alternatives. (See October 6, 2011 Letter, attached as Exhibit I).

### CITIMORTGAGE LEARNS OF THE DISCHARGE

37. The terms of the Mortgage grant CitiMortgage the power of sale, which would permit CitiMortgage to foreclose on the Property by advertisement.

38. In or about October 2011, CitiMortgage referred the Mortgage to legal counsel to begin foreclosure proceedings on the Property.

39. In or about October 2011, CitiMortgage learned that the Discharge had been recorded without its authorization, execution, or consent.

40. As a result of the recorded Discharge, CitiMortgage has been unable to foreclose its interest in the Property by advertisement.

### COUNT I
### QUIET TITLE ACTION, MCL 600.2932

41. CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 40.

42. In 2003, with the execution and recording of the Mortgage, Renate and Mark Miller granted CitiMortgage a secured interest in the Property superior to that of all other known present interests.

43. The loan secured by the Mortgage and evidenced by the Note has not been satisfied and remains outstanding.

44. CitiMortgage did not execute or authorize the execution of the Discharge.

45. CitiMortgage did not record or cause to be recorded the Discharge.

6

46. The Discharge is forged, in that Chase, or a person acting on Chase's behalf, executed and recorded the Discharge without CitiMortgage's permission or authority, and through no fault of CitiMortgage.

47. The forged Discharge has no legal effect.

48. The Mortgage thus remains in full effect, causing CitiMortgage's interest in the Property to be superior to any interests made or recorded after the Mortgage.

49. After the Discharge was recorded, Renate and/or Mark Miller continued to make payments to CitiMortgage on the Note and Mortgage.

50. Notwithstanding the recording of the Discharge, Renate Miller's interest in the Property has continued to be encumbered by the Mortgage, which has never been fully paid or otherwise satisfied.

51. The Deed purporting to transfer Renate Miller's interest in the Property to Thaddeus D. Smith and Mary Ellen Smith is subject to the Mortgage.

52. Thaddeus D. Smith and Mary Ellen Smith are not entitled to good-faith-purchaser status because the forged and unauthorized Discharge is legally ineffective against all subsequent interests.

53. Alternatively, Thaddeus D. Smith and Mary Ellen Smith are not entitled to good-faith-purchaser status because the Loan Number referenced on the Mortgage differs from the Loan Number on the Discharge, thus putting potential purchasers, including the Smiths, on notice that the Discharge may be forged or recorded against the incorrect property.

54. On information and belief, neither Thaddeus D. Smith nor Mary Ellen Smith have granted or permitted a mortgage or other lien to encumber the Property.

For the foregoing reasons, CitiMortgage requests that this Court: (a) enter judgment determining that the Discharge was forged and legally ineffective, that CitiMortgage holds the Mortgage with an effective recording date of April 28, 2003, that the Mortgage has not been paid or otherwise satisfied, and that CitiMortgage holds a secured interest in the Property superior to any and all claims of defendants in this action; and (b) award any other relief this Court deems just and proper.

## COUNT II
### BREACH OF CONTRACT (against Defendant Renate Miller)

55.     CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 54.

56.     The terms of the Note and Mortgage require Renate Miller to make periodic monthly payments to CitiMortgage on the outstanding indebtedness.

57.     Renate Miller has not made any payment to CitiMortgage since June 1, 2011.

58.     By failing to make regular periodic payments, Renate Miller has breached the Note and Mortgage.

59.     Pursuant to the terms of the Mortgage and Note, upon transfer of the Property without CitiMortgage's prior written consent, CitiMortgage may accelerate the loan evidenced by the Note and secured by Mortgage and require immediate payment of all outstanding sums.

60.     Without CitiMortgage's prior written consent, Renate Miller purported to transfer the Property by Deed to Thaddeus D. Smith and Mary Ellen Smith.

61.     By way of the August 30, 2011 Letter, CitiMortgage notified Renate Miller of her default and of CitiMortgage's right to accelerate Renate Miller's outstanding indebtedness.

62.     CitiMortgage has now accelerated the outstanding balance of the Note and Mortgage.

63. Renate Miller has not paid the accelerated balance, and has therefore breached the terms of the Note and the Mortgage.

64. On information and belief, Renate Miller has breached other clauses of the Note and Mortgage, including but not limited to the covenants that she would:

   a. Maintain an Escrow Fund (Mortgage ¶ 3);

   b. Prevent any lien or other interest on the Property that may significantly affect CitiMortgage's interest in the Property or rights under the Mortgage (Mortgage ¶¶4, 9, 12);

   c. Maintain insurance on the Property (Mortgage ¶5);

64. Pursuant to the terms of the Note and Mortgage, as a result of Renate Miller's defaults, CitiMortgage is entitled to recover late charges, costs and expenses, including reasonable attorney's fees.

65. As a result of Renate Miller's breach of her contractual obligations, CitiMortgage has been and continues to be damaged.

For the foregoing reasons, CitiMortgage requests that this Court: (a) enter judgment in favor of CitiMortgage and against Defendant Renate Miller in an amount to be determined, plus interest at the statutory rate from the date of filing of the Complaint; (b) award CitiMortgage its costs, including attorney's fees, incurred in bringing this action, as permitted by the Note and Mortgage; and (c) award any other relief this Court deems just and proper.

## COUNT III
### FORECLOSURE

66. CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 65.

67. Renate Miller is in default under the Note and Mortgage.

68.     CitiMortgage has served Renate Miller with a notice of default as required by contract.

69.     Thaddeus D. Smith and Mary Ellen Smith claim an interest in the Property pursuant to the Deed, which interest is inferior and subject to CitiMortgage's Mortgage.

70.     CitiMortgage elects to foreclose the Mortgage.

For the foregoing reasons, CitiMortgage requests: (a) a judgment to foreclose the Mortgage and order sale by the County Clerk; (b) a deficiency judgment against Renate Miller, including an award of reasonable attorney's fees, costs and expenses in bringing this matter; and (c) award any other relief this Court deems just and proper, including but not limited to declaratory and injunctive relief.

**COUNT IV**
**<u>BREACH OF FIDUCIARY DUTY (against Defendant Chase)</u>**

71.     CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 70.

72.     Daniel Blanco prepared the Discharge in his capacity as an employee of Chase.

73.     Leola Gayden executed the Discharge in her capacity as an employee of Chase.

74.     Leola Gayden recorded or caused to be recorded the Discharge in her capacity as an employee of Chase.

75.     To the extent that Chase claims any authority to prepare, execute, or record discharges of mortgages or other encumbrances on behalf of CitiMortgage, Chase would then have a fiduciary relationship with CitiMortgage.

76.     If Chase is a fiduciary, Chase owed a duty to use due care, skill, and diligence, and to obey the instructions of its principal, CitiMortgage.

77.     CitiMortgage did not authorize Chase, or any individual on behalf of Chase or anyone else, to prepare, execute, or record the Discharge.

78.     Before and after the Discharge was executed and recorded, the mortgagors (Renate and/or Mark Miller) remitted periodic payments on the Mortgage to CitiMortgage.

79.     On information and belief, at the time Chase or its agents prepared, executed, and or recorded the Discharge, Chase did not hold an interest in the Mortgage or any other mortgage encumbering the Property.

80.     On information and belief, at the time Chase or its agents prepared, executed, and or recorded the Discharge, Chase had not collected any payments on the Mortgage.

81.     On information and belief, at the time Chase or its agents prepared, executed, and or recorded the Discharge, Chase had not been paid the outstanding balance on the loan underlying the Note and Mortgage.

82.     On information and belief, at the time Chase or its agents prepared, executed, and or recorded the Discharge, Chase had no information to suggest that the Mortgage encumbering the Property had been fully paid or otherwise satisfied.

83.     On information and belief, Chase negligently prepared, executed, and or recorded a discharge for its loan (No. 131461598) against the incorrect property, thus purporting to discharge CitiMortgage's Mortgage, which secured a different loan (No. 0214596490).

84.     By virtue of Chase's unauthorized preparation, execution, and or recordation of the Discharge, Chase breached its fiduciary obligations to CitiMortgage.

85.     As a direct and proximate result of Chase's conduct, CitiMortgage has sustained and continues to sustain damages, including that the Mortgage was not paid out of the proceeds

11

of Renate Miller's sale of the property to Thaddeus D. Smith and Mary Ellen Smith, and that CitiMortgage has been unable to foreclose the Mortgage by advertisement.

For the foregoing reasons, CitiMortgage requests that this Court: (a) enter judgment in favor of CitiMortgage and against Defendant Chase in whatever amount CitiMortgage is found to be entitled in excess of $25,000, plus interest, costs, and attorney fees; and (b) award any other relief this Court deems just and proper.

## COUNT V
### NEGLIGENCE (against Defendant Chase)

86. CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 85.

87. When recording a document in with the County Register of Deeds, it is foreseeable that any entity claiming an interest in the property against which the recording is filed could be harmed by having its interests altered or encumbered.

88. CitiMortgage holds an interest in the Property, against which Chase recorded the Discharge.

89. Thus, even if Chase owes no fiduciary duties to CitiMortgage, Chase owed CitiMortgage a duty to use due and reasonable care in preparing, executing, and recording instruments that could have the effect of altering CitiMortgage's interest in the Property.

90. Chase breached its duties and was negligent by preparing, executing, and/or recording the Discharge, when:

    a. CitiMortgage (not Chase) held the Mortgage and was receiving the payments on the Note and Mortgage;

    b. the Mortgage states that it secures Loan No. 0214596490, but the Discharge references Loan No. 131461598; and

c. the Mortgage has not been fully paid or satisfied, but the Discharge states otherwise.

91. As a direct and proximate result of Chase's conduct, CitiMortgage has sustained and continues to sustain damages, including that the Mortgage was not paid out of the proceeds of Renate Miller's sale of the property to Thaddeus D. Smith and Mary Ellen Smith, and that CitiMortgage has been unable to foreclose the Mortgage by advertisement.

For the foregoing reasons, CitiMortgage requests that this Court: (a) enter judgment in favor of CitiMortgage and against Defendant Chase in whatever amount CitiMortgage is found to be entitled in excess of $25,000, plus interest, costs, and attorney fees; and (b) award any other relief this Court deems just and proper.

## COUNT VI
### UNJUST ENRICHMENT (against Defendant Chase)

92. CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 91.

93. If and to the extent that Chase received consideration in complete or partial satisfaction of the Note and Mortgage, Chase was unjustly enriched thereby, as it was CitiMortgage that held the Note and Mortgage and entitlement to payments thereunder.

For the foregoing reasons, CitiMortgage requests that this Court: (a) enter judgment in favor of CitiMortgage and against Defendant Chase in whatever amount CitiMortgage is found to be entitled in excess of $25,000, plus interest, costs, and attorney fees; and (b) award any other relief this Court deems just and proper.

## COUNT VII
## <u>UNJUST ENRICHMENT (against Defendant Renate Miller)</u>

94.     CitiMortgage refers to and incorporates herein the allegations set forth in paragraphs 1 through 93.

95.     Renate Miller accepted consideration in exchange for deeding the Property to Thaddeus D. Smith and Mary Ellen Smith.

96.     As evidenced by the June 1, 2011 payment, the July 25, 2011 Letter, the August 12, 2011 Letter, and the inquiry before October 6, 2011, Renate Miller knew that the outstanding balance on the Note and Mortgage remained unpaid.

97.     Nevertheless, after purportedly transferring her interests in the Property, Renate Miller failed to satisfy the outstanding balance on the Note and Mortgage, which had been and continue to be secured by the Property.

98.     Even if Renate Miller was not an obligor on the Note and Mortgage, she was unjustly enriched when she retained the benefits of the sale of the Property without discharging CitiMortgage's security interest in the Mortgage that encumbered the Property.

For the foregoing reasons, CitiMortgage requests that this Court: (a) enter judgment in favor of CitiMortgage and against Defendant Renate Miller in whatever amount CitiMortgage is found to be entitled in excess of $25,000, plus interest, costs, and attorney fees; and (b) award any other relief this Court deems just and proper.

14

BUSH SEYFERTH & PAIGE PLLC
Attorneys for Plaintiff


By: __/s/ Stephanie A. Douglas_____
    Cheryl A. Bush (P37031)
    Stephanie A. Douglas (P70272)
    3001 W. Big Beaver Rd., Suite 600
    Troy, MI  48084
    (248) 822-7800

Dated:    July 25, 2012


## JURY DEMAND


    Plaintiff, CitiMortgage, Inc., through counsel, Bush Seyferth & Paige PLLC, demands a jury trial on all issues so triable.


BUSH SEYFERTH & PAIGE PLLC
Attorneys for Plaintiff


By: __/s/ Stephanie A. Douglas_____
    Cheryl A. Bush (P37031)
    Stephanie A. Douglas (P70272)
    3001 W. Big Beaver Rd., Suite 600
    Troy, MI  48084
    (248) 822-7800

Dated:    July 25, 2012